UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES M. ONYON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-512-PPS-APR |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Charles M. Onyon, a prisoner without a lawyer, filed an amended habeas petition in connection with his conviction for failure to return to lawful detention under 20D03-1602-F6-183. Following a guilty plea, on January 24, 2024, the Elkhart Superior Court sentenced him to eighteen months of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended petition, Onyon appears to assert that he is entitled to habeas relief because his guilty plea is invalid and because the credit time that goes toward his sentence has been improperly calculated. As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in

the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). Similarly, inmates may challenge guilty pleas by filing a petition for post-conviction relief. *Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006) ("[B]ecause a conviction imposed as a result of a guilty plea is not an issue that is available to a defendant on direct appeal, any challenge to a conviction thus imposed must be made through the procedure afforded by the Indiana Rules of Procedure for Post–Conviction Remedies."). Review of the electronic dockets for the State courts reveals that a State habeas petition filed by Onyon remains pending before the Elkhart Superior Court.[1] It further reveals that Onyon has not presented a challenge to his sentence calculation to the Indiana appellate courts and has never filed a petition for post-conviction in the State courts at any level. Accordingly, I dismiss this case without prejudice because Onyon has not exhausted his State court remedies.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Onyon to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Charles M. Onyon a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

ENTERED: August 19, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT